**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Joshua J. Minix

    v.                                    Case No. 19-cv-427-PB

Walter Davies, Director, Hampshire
House; and J. Ray Ormond, Regional
Director, Bureau of Prisons,
Northeast Regional Office

**REPORT AND RECOMMENDATION**

Before the court is petitioner Joshua J. Minix's petition

for a writ of habeas corpus (Doc. No. 1) filed pursuant to 28

U.S.C. § 2241, challenging the calculation of his federal prison

sentence by the Federal Bureau of Prisons ("BOP").  The matter

is before the undersigned magistrate judge for preliminary

review to determine whether the petition is facially valid and

may proceed.  See Rule 4 of the Rules Governing Section 2254

Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (allowing application

of the § 2254 Rules to any habeas petition).

**Background**

Minix asserts that he is presently incarcerated at the

Hampshire House, serving a sentence imposed by the District of

Vermont in United States v. Minix, No. 5:13-cr-053-01 (D. Vt.).

On October 14, 2014, that court imposed an eighty-seven month

sentence.  See Oct. 14, 2014 J., id. (ECF No. 99).  Minix

asserts here that he is scheduled to be released from incarceration on August 5, 2019.

In his petition, Minix invokes Section 102(b) of the recently-enacted First Step Act of 2018, which, inter alia, amends 18 U.S.C. § 3624(b)(1), the statute which authorizes and governs the BOP's calculation of federal sentences imposed by the federal courts.  Section 102(b)(1) amends § 3624(b)(1) by raising the amount of good-time credit federal prisoners may receive, for each year of their sentence, from forty-seven days to fifty-four days.

Minix now challenges the BOP's calculation of his sentence and release date, and asks the court to direct the BOP to grant him additional good-time credit.  Minix contends that under § 102(b)(1), he is entitled to an additional seven days of good-time credit for each full year of his seven-years-and-three-months sentence, and an additional 2 days for the remaining three months of his sentence, amounting to a total of fifty-one additional days of good-time credit.  Applying that figure to his presently calculated August 5, 2019 release date, Minix claims he should be released on June 15, 2019.

Minix states that the BOP has declined to recalculate his sentence based on the First Step Act, and further that the BOP does not intend to make any good-time credit calculation changes

until July 2019 which, Minix alleges, will deprive him of good-time credit to which he is entitled under § 102(b).

## Discussion

I.  <u>Standard</u>

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  <u>See</u> McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  <u>See</u> Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

II.  <u>Good-Time Credit Under the First Step Act</u>

In his petition, Minix seeks an order giving him the extra good-time credits he asserts he is due under section 102(b)(1). Courts that have issued rulings on similar claims have generally concluded that section 102(b)(1)'s effective date hinges on an event that has not yet occurred, namely, the Attorney General's completion of a prisoner "risk and needs assessment system," which Congress has required the Attorney General to complete by

a date in July 2019.  <u>See, e.g.</u>, <u>Johnson v. Bureau of Prisons</u>,
No. 4:19-cv-224-O, 2019 U.S. Dist. LEXIS 62448, at *4, 2019 WL
1569360, at *1 (N.D. Tex. Apr. 11, 2019); <u>Powell</u>, 2019 U.S.
Dist. LEXIS 60012, at *6, 2019 WL 1521972, at *1; <u>United States
v. Bellah</u>, No. 2:12-CR-20016-001, 2019 U.S. Dist. LEXIS 56076,
at *1 (W.D. Ark. Apr. 2, 2019); <u>Roy v. U.S. Bureau of Prisons</u>,
No. 2:19-CV-59-RMP, 2019 U.S. Dist. LEXIS 56064, at *4, 2019 WL
1441622, at *2 (E.D. Wash. Apr. 1, 2019); <u>Nichols v. Burch</u>, No.
CV 19-00076-TUC-RM (BGM), 2019 U.S. Dist. LEXIS 41595, at *4 (D.
Ariz. Mar. 12, 2019).

"Because the BOP has no authority to recalculate
[petitioner]'s good-time credit according to the First Step Act
until the relevant provisions take effect in approximately July
2019, the question of whether the BOP erred in administering
[petitioner]'s sentence on that basis is premature." <u>Roy</u>, 2019
U.S. Dist. LEXIS 56064, at *3, 2019 WL 1441622, at *2.
Accordingly, the district judge should dismiss, as premature,
Minix's petition, in which he claims that he is entitled to an
immediate recalculation of his good-time credits under § 102(b).

## Conclusion

For the foregoing reasons, the district judge should
dismiss Minix's petition (Doc. No. 1) as premature.  Any
objections to this Report and Recommendation must be filed

4

within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____

Andrea K. Johnstone
United States Magistrate Judge

April 26, 2019

cc:  Joshua J. Minix, pro se

5